**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ALOFT MEDIA, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 6:11-CV-110 (LED)** |
| **v.** ) | |
| ) | |
| **SAP AG, and SAP AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**SAP AG AND SAP AMERICA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO ALOFT MEDIA, LLC'S COMPLAINT**

Defendants SAP AG and SAP America, Inc. ("SAP America") (collectively, "SAP")

respectfully submit this answer and affirmative defenses to the Complaint filed by Plaintiff Aloft

Media, LLC ("Aloft"), as well as their counterclaims against Aloft, and state as follows:

**PARTIES**

1.      Upon information and belief, SAP admits that Aloft appears to be a Texas limited

liability company with its principal place of business at 211 W. Tyler Street, Suite C-1,

Longview, TX 75601.  Except as expressly admitted, SAP denies the allegations of paragraph 1.

2.      SAP admits that SAP AG is a German Corporation with its principal place of business at

Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany.  Except as expressly admitted, SAP denies

the allegations of paragraph 2.

3.      SAP Admits that SAP America is a Delaware corporation with its principal place of

business at 3999 West Chester Pike, Newtown Square, Pennsylvania 19703.  Except as expressly

admitted, SAP denies the allegations of paragraph 3.

## JURISDICTION AND VENUE

4.      Admitted.

5.      SAP admits that SAP America has licensed software to companies in the Eastern District of Texas.  Except as expressly admitted, SAP denies the allegations of paragraph 5.

6.      SAP admits that SAP America has licensed software to companies in the Eastern District of Texas.  Except as expressly admitted, SAP denies the allegations of paragraph 6.

## ALLEGED INFRINGEMENT

7.      SAP admits that United States Patent No. 7,712,107 ("the '107 patent") is entitled "Message Integration Framework for Multi-Applications Systems" and lists an issue date of May 4, 2010.  Except as expressly admitted, SAP denies the allegations of paragraph 7.

8.      SAP admits that SAP America offers for sale and sells SAP NetWeaver Process Integration in the United States.  Except as expressly admitted, SAP denies the allegations of paragraph 8.

9.      Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

SAP has not infringed, either literally or under the doctrine of equivalents, any claim of the '107 patent.

### Second Affirmative Defense

The '107 patent and/or its claims are invalid or void under the Patent Laws of the United States, for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103,  and 112.

- 2 -

### Third Affirmative Defense

Aloft's claims for relief and alleged damages are barred in part under 28 U.S.C. § 1498(a).

### Fourth Affirmative Defense

Aloft's claims are barred in whole or in part by the doctrines of estoppel, license, and/or waiver.

### COUNTERCLAIMS

SAP for its Counterclaims against Aloft alleges:

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 *et seq.*

2. SAP America, Inc. is a corporation organized and existing under the laws of Delaware, with corporate headquarters at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

3. SAP AG is a corporation organized and existing under the laws of Germany, with its corporate headquarters and principal place of business at Dietmar-Hopp-Allee 16, Walldorf, Germany 69190.

4. Upon information and belief, Aloft is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, TX 75601.

5. Aloft is subject to personal jurisdiction in this judicial district at least because it filed this action in this judicial district.

6. Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Aloft filed this action in this judicial district.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7.      SAP realleges and incorporates by reference paragraphs 1-6 in this counterclaim as if fully set forth herein.

8.      The pending litigation and disputes between SAP and Aloft establish an existing and actual case and controversy between them regarding, *inter alia*, whether SAP infringes the claims of the '107 patent.

9.      SAP has not infringed any claim of the '107 patent.

10.     Pursuant to 28 U.S.C. § 2201, SAP is entitled to a declaratory judgment that it has not infringed any claim of the '107 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

11.     SAP realleges and incorporates by reference preceding paragraphs 1-6 in this counterclaim as if fully set forth herein.

12.     The pending litigation and disputes between SAP and Aloft establish an existing and actual case and controversy between them regarding, *inter alia*, whether claims of the '107 patent are valid.

13.     One or more claims of the '107 patent are invalid under the Patent Laws of the United States, for failure to comply with one or more provisions of 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

14.     Pursuant to 28 U.S.C. § 2201, SAP is entitled to a declaratory judgment that the claims of the '107 patent are invalid.

## **RELIEF DEMANDED**

WHEREFORE, Counterclaim-Plaintiffs SAP AG and SAP America demand judgment against Counterclaim-Defendant Aloft and respectfully request that this Court enter Orders:

A.      Dismissing Aloft's Complaint in its entirety, with prejudice;

B.      Declaring that SAP AG and SAP America have not infringed any claims of the '107 patent;

C.      Declaring that the claims of the '107 patent are invalid;

D.      Declaring that Aloft's claims are barred in whole or in part by the doctrines of estoppel, license, and/or waiver;

E.      Awarding SAP its attorneys' fees and costs pursuant to, *inter alia*, 35 U.S.C. § 285; and

F.      Awarding SAP such other further relief as the equities of the case may require and this Court may deem just and proper, together with the costs and disbursements SAP incurs in this action.

Respectfully submitted,

Dated:  July 7, 2011

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
**Parker, Bunt & Ainsworth, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
(903)-531-3535
Fax: (903)-533-9687
rcbunt@pbatyler.com

*Of Counsel*
Michael A. Morin
J. Michael Jakes
D. Brian Kacedon
Naveen Modi
Luke J. McCammon

- 5 -

**FINNEGAN, HENDERSON, FARABOW,**
 **GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for SAP AG and SAP America, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2011.  Any other counsel of record will

be served by facsimile transmission and first class mail.

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt